IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RONNIE SMITH**,

        Plaintiff,

        v.

**CITY OF THE DALLES, LYNN MCNAMARA, AND LINDA GOUGE**,

        Defendants.

Case No. 3:19-cv-338-SI

**ORDER**

**Michael H. Simon, District Judge.**

    Plaintiff filed this action *pro se* against the City of The Dalles (the "City"), Linda Gouge, Defendant's former court-appointed public defender for criminal charges filed against Plaintiff in State court, and Lynn McNamara, who Plaintiff identifies as Director of Trail Insurance but who self-identifies as the former Executive Director of Citycounty Insurance Services. Plaintiff alleges claims for false arrest and imprisonment, malicious prosecution, civil conspiracy, intentional infliction of emotional distress, and negligence. Plaintiff also asserts a claim for lost wages, which the Court interprets as a claim for damages and not an independent cause of action.

    Plaintiff contends that he was falsely arrested and imprisoned without probable cause for robbing a coffee shop tip jar in May 2015. Immediately after the robbery he was arraigned on a misdemeanor charge of Theft III and released. The City did not prosecute Plaintiff on that charge until 2017. A jury convicted Plaintiff of the charge in Municipal Court. Plaintiff appealed, which

PAGE 1 – ORDER

entitled him to a trial *de novo* in Circuit Court. The City dropped the charges instead of pursuing that trial.

Plaintiff argues that his prosecution was improper and the result of a conspiracy. Plaintiff asserts that Ms. McNamara instructed City attorneys, including Gene Parker, to prosecute Plaintiff and not to drop Plaintiff's Theft III charge unless Plaintiff dropped his civil lawsuit against the City pending in this Court, Case No. 3:16-cv-1771-SI, *Smith v. City of Dalles* (*Smith I*). Plaintiff also asserts that his public defender, Ms. Gouge, knew this fact and failed to raise it or challenge Plaintiff's prosecution based on what Plaintiff contends is improper prosecutorial conduct. Plaintiff claims that when he raised this issue on appeal (meaning his trial *de novo* in Circuit Court), Mr. Parker failed to appear as a witness to testify about Ms. McNamara's purported improper conduct and the City dismissed Plaintiff's Theft III charge because of Mr. Parker's failure to appear as a witness. The record shows that Bridget Bailey, Deputy Prosecutor for the City, dismissed Plaintiff's Theft III charge because an essential witness *for the City* could not be found.[1]

Ms. McNamara denies any contemporaneous knowledge of Mr. Smith, his Theft III charge, or his prosecution. She also denies instructing anyone at the City to prosecute Mr. Smith because he filed a civil claim against the City.

Defendants the City and Ms. McNamara (collectively, the "City Defendants") move for summary judgment against all of Plaintiff's claims. The City Defendants argue that Plaintiff cannot prevail on his state law claims because they are untimely under the Oregon Tort Claims

---

[1] The record does not show the identity of this witness. The City Defendants do not provide evidence of an alternative explanation about the identity of the witness, such as whether it was the eyewitness to the robbery. The dismissal form states the witness was a witness for the City. Mr. Parker, as described by Plaintiff, would have been a witness for Plaintiff. Nonetheless, no further information is in the record regarding this witness.

PAGE 2 – ORDER

Act ("OTCA"). They also argue that there is no disputed issue of material fact on the merits of these claims because the Court previously concluded in *Smith I* that the arresting officer had probable cause to arrest Plaintiff for theft after an eyewitness identified him as the person who robbed the coffee shop, this finding is binding under the doctrine of issue preclusion, and the existence of probable cause renders Plaintiff's arrest and prosecution valid as a matter of law. The City Defendants argue that Plaintiff's federal claims fail on the merits for the same reason—issue preclusion provides probable cause. They also argue that Plaintiff's federal claims against the City cannot succeed because Plaintiff fails to show a policy, pattern, or practice of unconstitutional conduct. Finally, the City Defendants argue that Ms. McNamara is entitled to qualified immunity against Plaintiff's federal claims.

**A.  Oregon Tort Claims Act**

The City Defendants argue that each of Plaintiff's state tort claims fail because he did not comply with the notice requirement of the Oregon Tort Claims Act ("OTCA"), which states that "a plaintiff cannot maintain a tort action against a public body, its officers, its employees, or its agents unless sufficient 'notice of claim' is given 'within 180 days after the alleged loss or injury.'" Or. Rev. Stat. § 30.275(2)(b). Plaintiff filed his first tort claim notice on March 24, 2018.

For Plaintiff's false arrest and imprisonment claims, his tort notice was filed nearly three years after his arrest. It is untimely under the OTCA. For Plaintiff's malicious prosecution claim, he alleges that Ms. Gouge told him while preparing for his criminal trial about the alleged instructions from Ms. McNamara to the City's prosecuting attorney. The jury convicted Plaintiff on June 6, 2017. Thus, his tort claims notice was filed well after 180 days from when he knew or should have known about his alleged malicious prosecution. His claims for civil conspiracy,

PAGE 3 – ORDER

intentional infliction of emotional distress, and negligence all arise from his alleged false arrest and imprisonment and malicious prosecution, and thus they also are barred by the OTCA.

Plaintiff argues that he alleges a continuing tort. For continuing torts, "a timely OTCA notice need only be made at any time during the continuance of the conduct or within 180 days after its conclusion." *Curzi v. Oregon State Lottery*, 286 Or App 254, 265 (2017). Oregon courts, however, have "distinguished between a 'continuing tort' where 'there is no single accident or occurrence giving rise to the claim' and 'repetitious discrete torts which result in similar but separate injuries.'" *Id.* at 266 (quoting *Holdner v. Columbia County*, 51 Or. App. 605, 613 (1981)); *see also Davis v. Bostick*, 282 Or. 667, 671-72 (1978) (explaining that "at the heart of the continuing tort idea is the concept that recovery is for the cumulative effect of wrongful behavior, not for discrete elements of that conduct"). Plaintiff's claims rely on discrete conduct—an arrest and prosecution—not an ongoing continuing tort. Thus, the continuing tort doctrine does not apply. Plaintiff's state law claims are barred under the OTCA. Because the Court concludes that all state law claims are barred under the OTCA, the Court does not reach the City Defendants' arguments on the merits.

**B. Federal Claims**

    **1. Issue Preclusion**

The Court determined in *Smith I* that after the eyewitness identified Plaintiff as the person who robbed the tip jar, "[t]here is no reasonable dispute" that the arresting officer had probable cause to arrest Smith. *Smith v. City of Dalles*, 2020 WL 265204, at *2 (D. Or. Jan. 17, 2020). The Court also concluded in *Smith I* that there was an issue of fact about whether there was probable cause for the officer to place Plaintiff in handcuffs before the eyewitness identification, and to search within Plaintiff's pocket. *Id.* at *2-3. The City Defendants argue that the doctrine of issue

preclusion (also known as collateral estoppel) applies to the Court's conclusion in *Smith I* that probable cause existed to arrest Plaintiff.

Issue preclusion, also known as collateral estoppel, "is designed to bar successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination." *Paulo v. Holder*, 669 F.3d 911, 918 (9th Cir. 2011) (simplified); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988) ("The doctrine of issue preclusion prevents relitigation of all issues of fact or law that were actually litigated and necessarily decided in a prior proceeding. . . . The issue must have been actually decided after a full and fair opportunity for litigation." (quotation marks and citations omitted)). Thus, the party asserting issue preclusion must show: (1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessarily decided, also described as necessary or essential to the judgment.[2] *See Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017). Issue preclusion may be used either defensively or offensively. "In both the offensive and defensive

---

[2] The Ninth Circuit sometimes discusses issue preclusion as requiring either the issue be "necessarily decided" or "essential to the judgment," interchangeably. *See United States v. Weems*, 49 F.3d 528, 532 (9th Cir. 1995) (setting out the elements as including "necessarily decided" and then discussing the "necessary to the judgment" element as being the same element). The Court uses "necessarily decided" because the weight of Ninth Circuit authority describes the "essential" or "necessary" to the judgment element in this way for issue preclusion. Additionally, the Ninth Circuit sometimes lists the elements for issue preclusion as: (1) the issue was necessarily decided; (2) the first proceeding ended with a judgment on the merits; and (3) the party against whom preclusion is sought was a party or in privity with a party in the first litigation. *See Paulo*, 669 F.3d at 917. The Court considers the latter two elements to be more appropriate elements for claim preclusion, *see Howard*, 871 F.3d at 1039, although part of having a full and fair opportunity to litigate encompasses being a party or being in privity with a party. *See Taylor*, 553 U.S. at 892-93 (noting that "[a] person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit" and then discussing several exceptions to that rule).

use situations the party against whom [collateral] estoppel is asserted has litigated and lost in an earlier action." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329 (1979).

In *Smith I*, Plaintiff asserted a claim for false arrest. Determining whether probable cause exists is an essential determination in analyzing a claim for false arrest. *See, e.g.*, *Dubner v. City & Cty. of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification."). Thus, the Court's conclusion in *Smith I* that probable cause existed for Plaintiff's arrest after the eyewitness identification of Plaintiff was "necessarily decided" for purposes of issue preclusion. The issue of whether probable cause existed is also identical to the probable cause issue in this case, was actually litigated in *Smith I*, and Plaintiff had the full and fair opportunity to litigate the issue. Thus, application of issue preclusion is appropriate. Plaintiff may not relitigate in this action whether probable cause existed for his arrest.

### 2. False Arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 918 (9th Cir. 2012) (en banc). Thus, the Court's previous conclusion that there was probable cause for Plaintiff's arrest resolves this claim.

### 3. Malicious Prosecution

"To claim malicious prosecution, a petitioner must allege that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Lacey*, 693 F.3d at 919 (quotation marks omitted). "In general, a claim of malicious prosecution is not cognizable under § 1983 if process is available within the state judicial systems to provide a remedy, although we have also

PAGE 6 – ORDER

held that an exception exists when a malicious prosecution is conducted with the intent to subject a person to a denial of constitutional rights." *Id.* (simplified). The Court's previous determination of probable cause disposes of this claim, as well.

### 4. Conspiracy

"Conspiracy is not itself a constitutional tort under § 1983. It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey*, 693 F.3d at 935. Because the Court has found that summary judgment should be granted on Plaintiff's claimed underlying constitutional violations of false arrest and malicious prosecution, summary judgment is appropriate on Plaintiff's civil conspiracy claim.

### 5. *Monell* Claims Against the City

Along with the reasons discussed above, the Court finds that Plaintiff has put forward no evidence that the City has an unlawful custom, policy, or practice of false arrest or malicious prosecution. There is thus no genuine issue of fact for a jury to decide on Plaintiff's *Monell* claims against the City.

### 6. Qualified Immunity

Because the Court grants summary judgment against all of Plaintiff's claims against Ms. McNamara, the Court does not reach her argument regarding qualified immunity.

## C. Non-moving Party

It does not appear that Plaintiff has served Defendant Linda Gouge with process in this case. As a result, she has not yet appeared. In the interest of judicial efficiency, the Court *sua sponte* dismisses the claims against Ms. Gouge. They fail for the same reason the claims fail against the City Defendants—because they are untimely under the OTCA and because probable cause existed for Plaintiff's arrest.

A trial court may *sua sponte* dismiss claims under Federal Rule of Civil Procedure 12(b)(6), even shortly before trial. *See, e.g.*, *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The Court also may grant summary judgment against the claims, for the same reasons it granted the City Defendants' motion. *See Rutledge v. Cty. of Sonoma*, 2009 WL 3075596, at *12 (N.D. Cal. Sept. 22, 2009) ("Although Mr. Potts did not move for summary judgment based on collateral estoppel or join in County Defendants' motion, a federal court may dismiss claims as to non-moving defendants where such defendants are in a position similar to that of moving defendants, or where the claims against all defendants are integrally related."); *accord Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."). Ms. Gouge is in a similar position to the City Defendants, and the claims against her are integrally related to the claims against the City Defendants.

**D.  Motion for Sanctions**

Plaintiff filed a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff filed the motion to "deter future false certifications by [the City Defendants'] attorney." Plaintiff does not identify any wrongful behavior or false certification by counsel warranting sanctions under Rule 11. To the extent Plaintiff's motion relates to the fact that Plaintiff did not receive a copy of the City Defendants' Motion for Summary Judgment, that is not sufficient grounds to impose sanctions. Plaintiff's motion is denied.

### E. Conclusion

Defendants' City of The Dalles and Lynn McNamara's Motion for Summary Judgment (ECF 27) is GRANTED. The Court also *sua sponte* dismisses all claims against Defendant Linda Gouge. Plaintiff's Motion for Sanctions (ECF 48) is DENIED. This case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 25th day of September, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge